UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 04-50007-01-KES |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTIONS |
| JEFFREY BORDEAUX, | ) | |
| Defendant. | ) | |

Defendant, Jeffrey Bordeaux, moves the court for relief under Federal Rule of Civil Procedure 60(b)(4). Bordeaux also moves the court to expunge his record and to suppress a warrantless search. The government opposes Bordeaux's motions and moves the court to dismiss them. For the following reasons, Bordeaux's motions are denied, and the government's motion to dismiss is denied as moot.

## BACKGROUND

Bordeaux was convicted by a jury in November 2004 of possession of a controlled substance, conspiracy to distribute a controlled substance, and possession of a firearm during a drug trafficking crime. Docket 136. Bordeaux received a total sentence of 138 months' imprisonment. Docket 208. Bordeaux appealed his conviction, and the Eighth Circuit Court of Appeals affirmed. Docket 224.

In 2012, Bordeaux moved to correct the computation of his sentence, which motion was denied. Docket 232. On February 4, 2013, Bordeaux moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(4), contending that his sentence was void because the traffic stop was in violation of his Fourth Amendment rights and because the court did not have jurisdiction. Docket 233. Bordeaux then made two motions to amend his motion for relief. Docket 237, 238. Bordeaux also submitted an extended version of his earlier motion for relief. Docket 238-1. Next, Bordeaux made a motion to vacate, dismiss, and expunge from his record the judgment which he believed to be void. Docket 240. Last, Bordeaux made a motion to suppress the search that resulted in his arrest. Docket 242. Following those motions, the government made a motion to dismiss all of Bordeaux's motions. Docket 247.

On June 14, 2013, Bordeaux filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Case no. 13-cv-5044-KES, Docket 1. A new case was opened to address this motion. This motion was based on Bordeaux's claims that government witnesses lied, that he was denied effective assistance of counsel, that the federal court had no jurisdiction to act due to pending state court proceedings, and that the statute under which he was convicted was not properly enacted. *Id.* Subsequently, Bordeaux added a claim alleging Fourth Amendment violations relating to the

traffic stop. *Id.* at Docket 3 at 4-9, Docket 5 at 1-7. This matter has been referred to Magistrate Judge John Simko.

## DISCUSSION

Bordeaux's motions in this case were made pursuant to Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) is a rule of civil procedure, which applies to civil proceedings. See Fed. R. Civ. P. 1, 81(a)(4) (stating that the Federal Rules of Civil Procedure apply to civil actions, which are distinct from § 2255 cases). "Rule 60(b) may not be used to relieve a party from operation of a judgment of conviction or sentence in a criminal case." *United States v. Hunt*, 2008 WL 4186258 at *1 (E.D. Mo. Sept. 5, 2008); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . ."); *United States v. Eggleston*, 24 F. App'x 656, 656 (8th Cir. 2002) (unpublished) (per curiam) ("[W]e agree with the district court that Rule 60(b) applies only to civil cases [and not to § 2255 relief].").

Bordeaux specifically states that "this motion is pusuant [sic] to F.R. Civ. P. 60(b)(4), and in **No way** should it be construed as a Habeas Corpus Petition . . . or any other motion for relief pursuant to [28 U.S.C. 2255]." Docket 233 at 1 (emphasis in original). Bordeaux filed a separate petition for relief under § 2255 that encompasses the bases for relief in the instant motions. The proper vehicle for Bordeaux's claims is § 2255. As a result, his

motions pursuant to Rule 60(b)(4) are denied. Any further submissions to the court concerning this relief should be filed under case number 13-cv-5044-KES.

Bordeaux also moves to suppress evidence obtained during a stop and search prior to his arrest. A suppression motion is a motion which "must be made before trial." Fed. R. Crim. P. 12(b)(3)(C). Bordeaux did not file a motion to suppress prior to trial. Thus, this motion to suppress is denied because it is untimely.

**CONCLUSION**

A prisoner may not use Rule 60(b) in lieu of 28 U.S.C. § 2255 to attack the legality of a conviction. Bordeaux's claims are actually § 2255 claims. Additionally, a motion to suppress filed after the defendant's conviction has been upheld on appeal is untimely. Accordingly, it is

ORDERED that Bordeaux's motions (Dockets 233, 237, 238, 240, and 242) are denied.

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket 247) is denied as moot.

Dated October 11, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE